IN THE UNITED STATES DISTICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

GAVONNA WILLIS
MARY STEPHENS, Individually and as
Parent of DS                                                                                       PLAINTIFF


V.                                      NO. 2:22-cv-00049-BSM


JUANITA MILLS, Individually and in her
Official Capacity as Helena/West Helena
Police Officer and the CITY OF
HELENA/WEST HELENA                                                                     DEFENDANTS

## PROTECTIVE ORDER

Based upon the agreement of counsel for Plaintiffs and Defendants, the Court hereby enters the following Protective Order pursuant to Fed. R. Civ. P. 26(c).

1.      Plaintiffs have submitted a discovery request for a copy of the personnel file of Juanita Mills. Certain information contained in the requested documents is sensitive information that should not be available to the general public and should therefore be protected by court order. All documents, information, copies, transcriptions or other reproductions of documents or information (hereinafter "Information") produced in this action that contain, describe, identify or refer to confidential information shall be stamped "Confidential" by the producing party and, if so stamped, shall be subject to the provisions of this Agreed Protective Order.

2.      Information designated as "Confidential" shall be retained in the custody of the parties' counsel, their paralegals, secretarial staff, and/or other staff members, during the pendency of this litigation. Counsel may also provide copies of such confidential records, documents or other information to any expert witness[es] retained by the parties, including

persons frequently employed by such expert[s] whose review of the material is necessary for the parties' prosecution of this litigation. The parties and their counsel may not utilize directly or indirectly Information designated as "Confidential" in any other administrative complaint, proceeding, or civil action.

3. Before producing Information designated as "Confidential" subject to this Agreed Protective Order, counsel are directed to ensure that sensitive information including social security numbers, driver's license numbers, employee identification numbers and home addresses is redacted. The parties have agreed that, if any counsel notifies opposing counsel of the need to subpoena any individual whose address and telephone number is protected from disclosure pursuant to this Order, counsel will take reasonable steps to ensure that such individuals are made available to receive service of a subpoena.

4. If Information designated as "Confidential" is to be identified, discussed, or disclosed during a deposition taken in this action of any person or entity, the deponent must be required to acknowledge on the record, before any identification, discussion or disclosure of Information occurs, that he or she has been advised of and has agreed to be bound by the terms of this Agreed Protective Order. Any documents and information contained in files produced in response to discovery requests may be used in depositions taken in the case and as exhibits to any pleading filed with the Court, provided that certain sensitive information is redacted as described in paragraph 3.

5. A lawyer who wishes to challenge the "CONFIDENTIAL" designation made by the producing party of any Information must first attempt in good faith to confer with counsel for the producing party in an effort to resolve the matter amicably. If agreement cannot be reached, the challenging party may file a motion asking the Court to remove the designation, The motion

should describe with specificity the particular Information for which the designation is being challenged and why the Information is not properly designated as "Confidential." The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Information designated as "Confidential" will continue to be treated as such and subject to the provisions of this Agreed Protective Order pending determination by the Court of the merits of any such challenge.

6. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. The documents contained in the requested files may or may not be relevant to the issues in this case and the Court makes no determination on that issue at this time. If the parties do not ultimately agree on the relevance of documents, they can assert objections at the appropriate time. Nothing herein will be construed or presented as a judicial determination that any specific document or item of information is admissible in evidence at the trial of this case. Furthermore, by stipulating to the entry of this Order, no party waives any right or objection it would otherwise have in the absence of this Order.

7. Three (3) years after the final termination of this action, including all appeals, Plaintiff's counsel shall destroy all confidential documents that were subject to this Order. During the three (3) year preservation period, counsel for the Plaintiff agrees that all confidential information obtained during discovery shall not be disclosed to any person, partnership, firm, corporation, or any other person or entity, except to the extent counsel for the Plaintiff should need to defend himself, or any member of the law firm serving as counsel of record for Plaintiff, in any malpractice claim asserted by the Plaintiff in this case.  Documents that have been held to be subject to disclosure under the Arkansas Freedom of Information Act ("FOIA"), as it may be amended from time to time, are not regarded as confidential for purposes of this Order. However,

documents subject to disclosure that contain any confidential information that has been held not to be subject to disclosure, shall be redacted. At the end of the three (3) year preservation period, counsel for Plaintiff shall serve an affidavit of destruction on counsel for the Defendants attesting that all confidential information in his possession and control has been destroyed.

    IT IS SO ORDERED THIS 7th DAY OF AUGUST, 2023.

                                                            **BRIAN S. MILLER**
                                                            **UNITED STATES DISTRICT JUDGE**

**APPROVED:**

/s/ Luther Sutter
Lucien R. Gillham, AR Bar No. 99199
EMAIL: lucien.gillham@gmail.com
Luther Oneal Sutter, AR Bar No. 95031
EMAIL: luther.sutterlaw@gmail.com
Sutter & Gilham, P.L.L.C.
1501 N. Pierce, Ste. 105
Little Rock, AR 72207
TELEPHONE: 501-315-1910
**Attorney for Plaintiffs**


/s/ M. Keith Wren
M. Keith Wren, AR Bar No. 94107
11300 Executive Center Drive, Suite A
Little Rock, AR  72211
TELEPHONE: (501) 223-0025
EMAIL: mkwren@wrenlawfirm.com
**Attorney for Juanita Mills, in her individual capacity**


/s/ William C. Mann, III
William C. Mann, III, AR Bar No. 79199
Attorney at Law
P.O. Box 38
North Little Rock, AR 72115
TELEPHONE: 501-374-3484, ext. 231
EMAIL: bmann@arml.org

**Attorney for the City of Helena-West Helena
and Juanita Mills, in her official capacity**